IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

FILED

P 12: 35

U.S. DISTRICT COURT
EASTERN DIST. TENN.

| | |
|---|---|
| PROCESS WASTEWATER TECHNOLOGIES, INC. and PROCESS WASTEWATER TECHNOLOGIES, LIMITED<br><br>Plaintiffs,<br><br>v.<br><br>HAREN CONSTRUCTION COMPANY, INC., STEINHARDT GMBH WASSERTECHNIK, GABRIEL NOVAC AND ASSOCIATES, INC., and DICKSON/PEARSON ASSOCIATES,<br><br>Defendants. | Civil Action No.: 1:09-cv-28<br><br>Collier/Lee |

## COMPLAINT

## I. THE PARTIES

1. Process Wastewater Technologies Limited (hereinafter, "PWT Limited") is an Australia corporation having its principal place of business at Suite 903 Exchange Tower, 530 Little Collins Street, Melbourne VIC 3000, Australia.

2. Process Wastewater Technologies, Inc. (hereinafter, "PWT, Inc.") is a Delaware corporation having its principal place of business at 105 Springbrook Place, Cary, North Carolina 27518.

3. U.S. Patent No. 6,126,821 (hereinafter, "the '821 patent"), entitled, "Raked Bar Screen," Exhibit A, was properly and duly issued by the United States Patent and Trademark Office on October 3, 2000.

4. PWT, Limited is the owner of all rights to the '821 patent by assignment.

5. PWT, Inc. is the exclusive licensee of rights to the '821 patent in the United States, Canada, and Central and South America.

6. On information and belief, Steinhardt GmbH Wassertechnik (hereinafter, "Steinhardt") is a Germany Corporation having its principal place of business at Roderweg 8-10, D-65232 Taunusstein, Germany.

7. On information and belief, Gabriel Novac and Associates, Inc. (hereinafter, "GNA") is a Canadian corporation having its principal place of business at 3532 Ashby, Montreal, Quebec H4R 2C1, Canada.

8. On information and belief, Dickson/Pearson Associates (hereinafter, "Dickson/Pearson") is a Tennessee company having its principal place of business at 231 Wilson Pike Circle, Suite 200, Brentwood, Tennessee 37027.

9. On information and belief, Haren Construction Company, Inc. (hereinafter, "Haren Construction") is a Tennessee corporation having its principal place of business at 1715 North Highway 411, P.O. Box 350, Etowah, Tennessee 37331.

10. The Court has subject matter jurisdiction of this matter pursuant to 28 USC § 1338(a).

11, The Court has personal jurisdiction over the foreign corporations as they have knowingly directed their infringing activities of offering and selling the infringing subject matter to this district.

12. Venue is proper in this district.

## II. FACTUAL BACKGROUND

13. On July 21, 2008, a representative of PWT, Inc. requested of Jason Wolford of Haren Construction an opportunity to view the submittal of GNA for the raked bar screen for the

Warren Park CSO Control Facility, contract number W-05-007 and/or CW SRF project number 2007-204, contract number SS0607-1 (hereinafter, "the Warren Park project") for the purposes of determining whether the raked bar screen included within the Warren Park project infringed and/or would infringe the '821 patent.

14. On information and belief, Mr. Wolford passed along the request to GNA.

15. On information and belief, by July 22, 2008 GNA had contacted its manufacturer of the raked bar screen and told Mr. Wolford not to allow PWT, Inc. access to GNA's submittals. Exhibit B.

## III. PATENT INFRINGEMENT

16. On information and belief, the raked bar screen sold and installed or to be installed as part of the Warren Park project is covered by one or more claims of the '821 patent.

17. On information and belief, the raked bar screen sold and installed as part of the Warren Park project infringes one or more claims of '821 patent.

18. On information and belief, Steinhardt has contracted to supply and/or has supplied a raked bar screen for installation on the Warren Park project.

19. On information and belief, prior to any involvement in the Warren Park project, Steinhardt was aware of the '821 patent.

20. On information and belief, prior to any involvement in the Warren Park project, Steinhardt had been a licensee of European patent rights that were based on filings related to the filing upon which the '821 patent is based including PCT/GH98/00167.

21. On information and belief, prior to any involvement in the Warren Park project, Steinhardt had supplied raked bar screens in Europe of the type described and claimed in the '821 patent.

22. Steinhardt has infringed and/or induced infringement of the '821 patent by knowingly offering for sale and selling an infringing article for sale and use in the United States.

23. On information and belief, GNA has offered for sale a raked bar screen of Steinhardt's manufacture for purchase and use with respect to the Warren Park project.

24. On information and belief, GNA submitted a bid for a raked bar screen to be sold pursuant to the Warren Park project.

25. On information and belief, Exhibit C is a portion of what GNA offered to sell as part of the Warren Park project.

26. On information and belief, GNA was aware of the '821 patent prior to offering for sale a raked bar screen for the Warren Park project.

27. On information and belief, GNA was aware of the '821 patent no later than March 25, 2008.

28. GNA has infringed and/or induced infringement of '821 patent by knowingly offering for sale and selling an infringing article for sale and use in the United States.

29. On information and belief, Dickson/Pearson represented GNA in its efforts to offer for sale and/or sell the raked bar screen for the Warren Park project and thus offered for sale and/or sold the raked bar screen.

30. On information and belief, Haren Construction was the chief contractor for the Warren Park project.

31. On information and belief, Haren Construction used GNA as the supplier of the raked bar screen for the Warren Park project.

32. On information and belief, Haren Construction bought a raked bar screen for incorporation into the Warren Park project from GNA.

33. On information and belief, Haren Construction sold the raked bar screen to the city of Chattanooga as part of its work on, and transfer of responsibility for, the Warren Park project.

34. On information and belief, Haren Construction was aware of the '821 patent before taking possession of the raked bar screen for the Warren Park project.

35. Haren Construction has infringed and/or induced infringement of '821 patent by knowingly offering for sale and selling an infringing article for sale and use in the United States.

## IV. DEMAND FOR JURY TRIAL

36. Plaintiffs demand a trial by jury on all disputed issues.

## V. PRAYER FOR RELIEF

37. Therefore, Plaintiffs request this Court:

- Award damages due to Defendants' infringement, the damages being no less than a reasonable royalty;
- Enhance damages in this matter three times due to the willful nature of the infringement;
- Award attorney's fees to Plaintiffs;
- Permanently enjoin Defendants from further infringement; and
- Award such other relief to which Plaintiffs are entitled.

This 4th day of February, 2009.

By: [signature]

John G. Jackson, Esq. (BPR # 013840)
CHAMBLISS, BAHNER & STOPHEL, P.C.
1000 Tallan Building
Chattanooga, Tennessee 37402
Telephone: (423) 756-3000
Fax: (423) 508-1246

Richard P. Vitek, Esq.
(*Motion to Appear Pro Hac Vice to be filed*)
Bruce E. Owens, Esq.
(*Motion to Appear Pro Hac Vice to be filed*)
MYERS BIGEL SIBLEY & SAJOVEC, P.A.
Post Office Box 37428
Raleigh, North Carolina 27627
Tel. (919) 854-1400
Fax (919) 854-1401

ATTORNEYS FOR PLAINTIFFS